Covington & Lexington Railroad Company *vs.* Ingles.  Ord. Pet.

### APPEAL FROM PENDLETON CIRCUIT.                Case 19.

1. Where the acts of an agent will bind the principal, there his representations and statements will bind the principal. In such cases his representations and statements respecting the subject matter will also bind the principal, if made at the same time, and constituting a part of the *res gestae.*

2. A surety of a party in matters unconnected with the subject matter in contest, is not an incompetent witness for such party.

3  By section 675 of the Civil Code, officers or inhabitants of counties, cities, or towns, officers, members, or trustees of corporations or religious societies, although parties to the actions, are made competent to testify as witnesses in behalf of such county, town, city, corporation, or religious society. Railroad corporations are embraced.

The facts of the case are fully set out in the opinion of the court.

*James Harlan,* for appellants—

1. The court erred in permitting James Ingles, a witness for the plaintiff below, to detail the statements of Wingate in regard to the number of ties delivered by plaintiff when objected to by the defendants. Wingate was himself a competent witness, and his statements were but hearsay. The same objection applies to the statements of William Green and James Lee, who were permitted to detail the statements of Shoemaker.

2. The Circuit Court erred in refusing to instruct the jury to find, as in case of non-suit, there being

no legal evidence of indebtedness of defendants below, before the jury.

3. The Circuit Court erred in refusing to permit Robbins to testify in behalf of the defendants below, on the ground that he was a stockholder in the Railroad Company, (the defendant,) and because he was the surety of the company, though it was not shown how he was surety, and in what he was surety.

Robbins, as a stockholder, was a competent witness, according to section 675 of the Code of Practice, and should have been permitted to testify as a witness for the company.

4. If the ties for which the plaintiff below brought his suit were delivered under the contract read in evidence to the jury by the defendants below, as was contended by the plaintiff below, the verdict of the jury was for too great a sum. It should have been reduced one-fourth by stock which plaintiff was to receive.

5. The court should have granted a new trial as well for the error in rejecting proper evidence and admitting improper evidence, as for the discovery of testimony as disclosed on the application for a new trial.

A reversal is asked.

*S. F. Swope*, for appellee—

The proof is clear that the appellee delivered to the appellants the ties contracted for. That they were received and counted, marked by the engineer, and a portion of them actually used, and the company is bound to pay their value. That value was proved to be what was allowed by the jury.

The grounds for a new trial are regarded as wholly insufficient, unless the ruling of the court in excluding the testimony of Robbins was wrong. If the ruling of the court, in regard to the testimony of Robbins, was right, then the ground of surprise fails. If the witness was incompetent to testify on the ground of interest, the party offering him must be

presumed to have known the law, and ignorance of the law cannot avail. But the witness on his *voire dire* stated that he was a stockholder in the company, and also bound as the surety of the company. As a stockholder, he was unquestionably interested in the event of the suit in which he was called to testify. His interest was not remote and uncertain. The road was in operation, and whatever might be made in the way of profits would benefit the witness, and if there was loss he would lose in proportion to his interest.

The recently discovered evidence might have been produced by the use of proper diligence, and presents no valid grounds for a new trial.

An affirmance is asked.

*John E. Records,* on the same side—

The company was bound by the acts of its agents. (2 *Greenleaf on Ev.* 48.) The proof shows the agency of Wingate and Shoemaker, and that the company acted upon their contracts.

Robbins was not a competent witness. He was not only a stockholder in the company, but the surety of the company. *Bouvier's Inst's,* 3 *vol.* 429, says: "The bias or interest which excludes a person from being examined as a witness, must relate to the thing or subject in dispute. To disqualify on this ground, the witness must gain or lose by the event of the cause." "The magnitude of the interest is altogether immaterial; even a liability for the most trifling costs will create a disqualification." Greenleaf says, 2 *vol. sec.* 391: "The magnitude or degree of interest is not regarded in estimating its effect on the mind of the witness, for it is impossible to measure the influence which any given interest may exert. It is enough that the interest which he has is direct, certain, and vested, however small it may be in amount. For interest being admitted as a disqualifying circumstance in any case, it must of necessity be so in every case, whatever be the character, rank,

Cov. & Lex.
Railroad Co.
vs.
Ingles.

or fortune of the party." Robbins, as a stockholder, has such interest as does exclude him. 2 *Greenleaf*, page 503, shows how he may be qualified. He was moreover the surety of the company, which also disqualifies him. .

The Legislature has not changed the laws of evidence so far as to render Robbins a competent witness. The Revised Statutes, sections 2, 3, 4, and 5, of chapter 107, page 701, do not embrace stockholders in a Railroad Company. (See *Code of Practice*, *am'd ed. page* 670.)

In 7 Dana, page 99, this court said that a stockholder, under certain circumstances, was a competent witness. The same circumstances do not exist here.

In this case a recovery against the company will lessen the profits of the company, and to that extent affect the interest of the witness.

The ground of surprise is not sustained. If the party's witness was incompetent he should have known it, and prepared himself with other testimony, if any he had.

We ask an affirmance.

June 28.

Judge Simpson delivered the opinion of the Court—

Ingels filed his petition against the appellants to recover the price of a considerable number of railroad ties, which he alleged that he had sold and delivered to them.

Various questions arose upon the trial with respect to the admissibility of testimony which was offered by both of the parties. The statements of Wingate and of Shoemaker were proved by the plaintiff, and admitted as evidence by the court, notwithstanding they were objected to by the defendants.

It was proved that the two individuals named were, at the time the statements were made by them, in the employment of the Railroad Company, one as chief engineer and the other as an assistant. There was also proof tending to show they were authorized to act for the company in the purchase of materials for

1. Where the acts of an agent will bind the principal, there his representations and statements will bind the principal.—

the construction of the road. The doctrine is well settled, that where the acts of the agent will bind the principal, there his representations and statements, respecting the subject matter, will also bind him, if made at the same time, and constituting part of the *res gestæ*. Wherever what the agent did is admissible in evidence, then whatever he said on the subject, while doing it, is also evidence against the principal. The court, therefore, did not err in admitting this testimony.

The defendants offered to introduce A. Robbins as a witness, to prove facts material to the defense relied upon; but he was rejected by the court on the ground that he was a stockholder in the corporation, and was also personally liable as surety for some debts which had been contracted by the company.

The fact that a witness is bound as surety for the party calling him to depose, in liabilities unconnected with the matter in controversy, does not render him incompetent. He has no direct interest in the result of the suit. The ability of his principal to discharge the liabilities for which he is responsible may not depend upon that result, or be in any manner affected by it.

And whether it will or not, is an uncertain matter, which only goes to the credibility of the witness.

The tendency of the late changes in the law, is to regard all objections to witnesses, where their interest is at all uncertain, as affecting their credit alone.

By the 675th section of the Civil Code, an officer or inhabitant of a county, city, or town, or an officer, member, or trustee of a corporation or religious society, although a party to the action, is made competent to testify in behalf of such county, city, town, corporation, or religious society.

The language used in this section is general and comprehensive. It embraces all corporations, private as well as public. It contains nothing that indicates an intention to discriminate between them. It applies to an incorporated Railroad Company, as

VOL. XV—41

---

*Marginal notes:*

Cov. & Lex. Railroad Co. *vs.* Ingles.

In such cases his representations and statements respecting the subject matter will also bind the principal, if made at the same time, and constituting a part of the *res gestæ*.

2. A surety of a party in matters unconnected with the subject matter in contest, is not an incompetent witness for such party.

3. By section 675 of the Civil Code, officers er inhabitants of counties, cities, or towns, officers, members, or trustees of corporations or religious societies, although parties to the actions, are made competent to testify as witnesses in behalf of such county,

CITY LOUISVILLE
vs.
PRES. & TRUS.
UNIVERSITY.

town, city, cor-
poration, or re-
ligious society.
Railroad corpo-
rations are em-
braced.

well as to all other corporations, and makes the members thereof competent to testify in behalf of such corporation.

The interest of the witness, as a stockholder, in the result of the suit, is very uncertain. A judgment against the company cannot increase his responsibility, and the only way in which it can affect his interest at all will be in the division of the net profits, if there should be any to divide. But as so much of the profits of the road as may be necessary for the purpose must be first appropriated to its support, there may not be any part thereof left to divide among the shareholders; in which event, a judgment against the company could not in any manner affect him injuriously.

But independent of this consideration, he is made a competent witness by the section of the Civil Code, already cited; and the court, therefore, erred in rejecting his testimony.

Wherefore, the judgment is reversed, and cause remanded for a new trial in conformity with this opinion.

---

15m 642
95 443

15bm642
123 291

PER. EQ.

Case 20.